IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM GRAY,

               Petitioner,                No. CIV S-07-0126 MCE EFB P

      vs.

ANTHONY HEDGPETH, Warden,            <u>FINDINGS AND RECOMMENDATIONS</u>

               Respondent.

_____/

       Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the January 18, 2007, petition. Respondent moves to dismiss this action upon the ground it is untimely. Petitioner opposes. For the reasons explained below, the court finds that the petition is untimely.

**I.    Procedural History**

       On October 28, 2001, petitioner was convicted of murder and sentenced to serve life in prison without the possibility fo parole. Pet., at 2. Petitioner appealed, and the appellate court affirmed the judgment on March 13, 2003. Pet., at 3. He filed a petition for review in the California Supreme Court, which was denied on June 11, 2003. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lod. Doc.") 1. On August 24, 2004, petitioner filed an application for a writ of habeas corpus in the trial court. Lod. Doc. 2. On October 6, 2004, that court denied

1   relief on the merits.  *Id*.  On April 27, 2005, petitioner filed an application for a writ of habeas

2   corpus in the appellate court.  Lod. Doc. 3.  The court denied relief without citation or comment

3   on May 25. 2005.  *Id*.  On June 24, 2005, petitioner filed a petition for a writ of habeas corpus in

4   the California Supreme Court.  Lod. Doc. 4.  That court denied relief on May 10, 2006.  *Id*.

5          On January 18, 2007, petitioner filed a habeas petition in this court.

6   **II.    Standards**

7          A one-year limitation period for seeking federal habeas relief begins to run from the

8   latest of the date the judgment became final on direct review, the date on which a state-created

9   impediment to filing is removed, the date the United States Supreme Court makes a new rule

10  retroactively applicable to cases on collateral review or the date on which the factual predicate of

11  a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

12  § 2244(d)(1).  The judgment on direct review becomes final when the 90 day limit for filing a

13  petition for certiorari expires.  *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).  A "properly

14  filed" state post conviction application tolls the statute of limitations as long as that application

15  remains "pending."  28 U.S.C.§ 2244(d)(2).  An application is properly filed when it is delivered

16  to and accepted by a court clerk  "in compliance with the applicable laws and rules governing

17  filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  An untimely state post conviction application is

18  not properly filed.  *Pace v. DiGugliemo*, 544 U.S. 408, 414 (2005).  In California, a properly

19  filed post conviction application is "pending" during the intervals between a lower court decision

20  and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A court

21  may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make

22  it impossible to file a petition on time."  *Calderon v. United States District Court (Kelly)*, 163

23  F.3d 530, 541 (9th Cir. 1998) (en banc).  "When external forces, rather than a petitioner's lack of

24  diligence, account for the failure to file a timely claim, equitable tolling of the statute of

25  limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  These

26  circumstances must actually cause the untimeliness.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th

Cir. 2003).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.    Analysis**

Respondent's motion raises the question of whether petitioner properly pursued state post-conviction relief, or whether he waited too long after the trial court denied habeas relief before filing a new petition in the appellate court.  California has no clear rule governing the time for filing post-conviction motions.  Instead, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'"  *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Saffold*, 536 U.S. at 221; *In re Harris*, 855 P.2d 391, 398 n.7 (Cal. 1993) (habeas petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim.").  If a California court denies a petition as untimely, then the federal court is bound by that determination.  *Evans v. Chavis*, 546 U.S. 189, ___, 126 S.Ct. 846, 852 (2006).  However, if the state court gives no guidance, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness."  *Chavis*, 126 S.Ct. at 852.  Federal courts ordinarily should consider a delay of up 60 days between a lower court's adverse decision and the filing of a petition in a higher court to be reasonable, and should allow tolling of the limitation period for that time.  *Chavis*, 126 S.Ct. at 854 (suggesting that, in the absence of guidance from the state court's decision, 60 days is the outer limit of reasonableness).

As stated above, respondent contends that this action is untimely.  He argues that petitioner is not entitled to interval tolling under *Saffold* because he unreasonably delayed between the trial court's denial of habeas relief and the filing of a new petition in the appellate

1  court.  Respondent also asserts that even if petitioner is entitled to interval tolling, the petition is

2  still late.  Petitioner asserts that the delay between the trial and appellate courts is reasonable and

3  justifiable under California law and  he is entitled to equitable tolling.

4       The record makes clear that 203 days elapsed between the trial court's denial of habeas

5  relief and petitioner's filing of a new application in the appellate court.  Furthermore, the

6  appellate court summarily denied relief.  Therefore, in order to decide whether petitioner is

7  entitled to interval tolling, the court must divine whether that court believed the application was

8  timely.  But if the petition is untimely *with* interval tolling, then it is untimely *without* it.

9  Therefore, the court assumes, without deciding, that petitioner is entitled to interval tolling.  If an

10  analysis based on this assumption shows that the petition is untimely, then that is the end of the

11  matter.  Otherwise, the court will conduct the analysis required by *Chavis*.

12       The starting point under any analysis is the date petitioner's conviction became final.

13  Under *Bowen*, the conviction became final on September 9, 2003.  He therefore had until

14  September 8, 2004, to file a federal petition.  Absent some basis for tolling the limitation period,

15  the petition is 862 days late.  Petitioner, however, filed a habeas petition in the trial court on

16  August 24, 2004, 350 days after the conviction became final.  This left 15 days in the limitations

17  period.  If petitioner properly pursued state post-conviction relief, then the limitation period was

18  tolled from August 24, 2004, until May 10, 2006, the date the California Supreme Court denied

19  habeas relief.  Petitioner did not file his federal application until 253 days later, on January 18,

20  2007.  Thus, unless petitioner's argument for equitable tolling succeeds, the federal habeas

21  petition is 238 days late.

22       As noted above, petitioner has the burden of asserting facts demonstrating that he is

23  entitled to equitable tolling.  Petitioner argues that he is entitled to equitable tolling "in light of

24  the extraordinary efforts made to perfect this federal claim, in very difficult circumstances."

25  Pet'r's Opp'n, at 5.  Petitioner asserts that as an indigent prisoner, he was "unable to navigate,

26  pro se, the complexities of the factual record in this case."  *Id*., at 3-4.  In a declaration,

1   petitioner's counsel asserts that within a few weeks of the California Supreme Court's June 11,

2   2003, order denying the petition for review, he met with petitioner's family.  In July, he met with

3   petitioner.  But counsel was not retained until "late February, 2004."  Pet'r's Opp'n, Attach. 1,

4   Decl. of Bonneau ("Bonneau Decl."), at 2.  Thereafter, he obtained the trial transcripts and on

5   August 24, 2004, filed a habeas petition in the trial court.  At this point it is important to note

6   that "the threshold necessary to trigger equitable tolling is very high."  *Miranda v. Castro*, 292

7   F.3d 1063, 1066 (9th Cir. 2002).  Petitioner has not come close to that threshold here.  He relies

8   on the common circumstances of a lack of legal expertise and insufficient resources to retain an

9   attorney well in advance of when the limitation period was to expire.  It was petitioner's decision

10  to wait until he had money to retain counsel so that counsel could file a petition on his behalf.

11  He has not alleged the existence of any *external* circumstance, such as his retained post-

12  conviction counsel's failure to file federal habeas petition, failure to respond to inquiries, or

13  failure to return petitioner's legal materials so he could represent himself, *see Spitsyn*, 345 F.3d

14  at 801, or prison officials denying him access to his legal papers while he proceeds without

15  counsel.  *See Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002).  Furthermore, when petitioner

16  filed his habeas petition in the state trial court, he had 15 days before the limitation period

17  expired.  He offers no explanation of why he did not file his federal petition within this time.

18  Petitioner has not demonstrated that any external factor at any point in the process prevented him

19  from timely filing his federal petition.  He therefore is not entitled to equitable tolling.

20  **IV.   Conclusion**

21          For all these reasons, even if the court were to find that petitioner were entitled to interval

22  tolling, the federal habeas petition is 238 days late.

23          Accordingly, it is hereby RECOMMENDED that respondent's July 3, 2007, motion to

24  dismiss be granted and that this action be dismissed as untimely.

25          These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE